THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LAVINA G. BEARDSLEY                   :
         Plaintiff                    :      CIVIL ACTION NO.

VS.                                   :

PROVIDIAN NATIONAL BANK,
LAW OFFICES OF HOWARD LEE
SCHIFF, P.C., AND WASHINGTON
MUTUAL, INC.                          :
         Defendants                   :      AUGUST 15, 2007

**COMPLAINT**

I.   **STATEMENTS SUPPORTING JURISDICTION:**

1.   This is an action for money damages to redress the violations by the defendants of rights secured to the plaintiff by the laws of the United States and the State of Connecticut.

2.   Jurisdiction of this Honorable Court is invoked under the provisions of Sections 1331 and 1343 of Title 28 of the United States Code, as amended, as well as under the pendent jurisdiction of this Honorable Court with respect to the causes of action brought under the common and statutory laws of the State of Connecticut.

3.   During all relevant times alleged in this Complaint, the plaintiff was, and she still is, an adult citizen of the United States who resides and has resided continuously and uninterruptedly in Shelton, Connecticut for over forty (40) years.

4.   During relevant times alleged in this Complaint, the defendant, PROVIDIAN NATIONAL BANK (hereinafter referred to simply as "Providian") was a foreign corporation existing under the laws of Delaware and with a principal place of business in the State of California.

5.   During relevant times alleged in this Complaint, the defendant LAW OFFICES OF HOWARD LEE SCHIFF, P.C. (hereinafter referred to simply as "Schiff") was a Professional Corporation existing under and with a principal place of business in the State of Connecticut.

6.   During relevant times alleged in this Complaint, the defendant, WASHINGTON MUTUAL, INC. (hereinafter referred to simply as "Washington") is a foreign corporation established

under and with a principal place of business in the State of Washington.

    7.    All relevant events and actions asserted in the Complaint occurred within the State of Connecticut and/or were performed in ways that said defendants could reasonably anticipate being haled into a Connecticut Court to stand accused and pay compensation.

    8.    The plaintiff demands this controversy be decided by a jury composed of citizens of the State of Connecticut and the United States of America.

**II.**    <u>**GENERAL ASSERTIONS OF SHARED FACTS**</u>**:**

    9.    The plaintiff is a disabled woman over the age of seventy (70) years.

    10.    The defendant Providian is and/or was at all relevant times a creditor and/or debt collector in the business of credit card lending to consumers.

    11.    The defendant Schiff is and/or was at all relevant times a law firm and a debt collector in the business of collection of consumer debt.

12. The defendant Washington is and was at all relevant times a creditor in the business of retail selling of financial services to consumers and small businesses.

13. The defendant Providian at all relevant times alleged in the Complaint; engaged in the unsolicited mass mailing of credit card applications, offering the consumer public credit cards and establishing lending obligations with them.

14. The defendant Providian at all relevant times alleged in the Complaint; accepted such offers by the consumer public without adequate or reasonable safeguards, investigations and/or procedures to verify the identity, address, financial status and/or consent of these individuals purportedly accepting these offers.

15. On or before April 12, 1999 the defendant, Providian issued to and allowed someone, not the plaintiff, to utilize the plaintiff's identity and credit reputation to utilize a Visa Platinum credit card and incur financial liabilities pursuant to said account.

16. On or before November 19, 1999, the defendant Providian allowed someone who was not the plaintiff to be added to the credit card account referenced above without adequate or reasonable safeguards, investigations and/or procedures to verify the identity, address, financial liability and/or consent of individuals being added to said account.

17. At all relevant times alleged herein, the Account Agreement created and utilized by the defendant, Providian contained provisions that allowed and called for said defendant to request additional financial information from prospective acceptors including but not limited to those from credit reporting agencies as well as to provide information to others in order to investigate prospective applicants.

18. At all relevant times alleged herein the defendant Providian knowingly failed to utilize such provisions to verify the identify, address, financial ability and/or consent of the individuals purportedly contracting with said defendant for credit cards and in fact knowingly failed to utilize those contractual provisions in this instant case with the plaintiff.

19. During relevant times alleged in the Complaint, communications occurred between the defendant, Providian and individual(s) who were not the plaintiff, that did or should have notified said defendant that the plaintiff had not accepted their offer for a credit card and was not the contracting party; but said credit card was not cancelled, restricted nor was the plaintiff notified or protected in any way.

20. The defendant, Providian, on or before January 20, 2000 retained the legal services of the defendant Schiff for the collection of an alleged outstanding debt claimed owed by the plaintiff.

21. The defendant Schiff failed to adequately or reasonably examine, review and/or investigate the documents consisting of the alleged credit card contract or debt between the defendant, Providian and the plaintiff to determine if the identity, address, financial status and/or consent to said credit card obligations and relationships with the plaintiff

were in fact legitimate even though said could and/or should have been accomplished.

22. Before, on and/or after January 20, 2000, the defendant Schiff had communications with individuals purportedly to be family members of the plaintiff relative to the alleged debt owed to the defendant, Providian.

23. Before, on and/or after January 20, 2000, the defendant Schiff had communications with individuals purportedly to be family members of the plaintiff that did and/or should have alerted and notified said defendant that the plaintiff was not obligated to the defendant, Providian on any credit card obligation.

24. The defendant Schiff failed to properly and/or reasonably investigate and verify the bonafide abode of the plaintiff when instituting a writ, summons and complaint as well as effectuating said service upon thereon which occurred on or about February 7, 2000 and was accomplished by way of instructions to a State of Connecticut Marshal when and/or

seeking the collection of said alleged debt owed by the plaintiff to the defendant Providian.

25. The defendant, Schiff subsequent to the service and filing of the writ, summons and complaint in the Milford Superior Court received an appearance on or about March 8, 2000 that was filed by an individual named "Traci Beardsley, pro se" who apparently signed the plaintiff's name as a pro se party and utilized an address that the plaintiff never resided at.

26. The defendant Schiff knew or should have known that an individual not the plaintiff, nor a licensed Commissioner of the Superior Court in good standing with the State of Connecticut Superior Courts filed an appearance on behalf of the plaintiff.

27. At all relevant times herein, the defendant Schiff in the regular course of its business of debt collection, accepted appearances by individuals who were not the debtors themselves or licensed Commissioners of the Superior Court in good standing with the State of Connecticut Superior Courts.

28. Such practice by the defendant Schiff was designed to circumvent the protections provided parties to be properly and timely served with legal process and to be apprised of other legal process in order to facilitate and expedite the collection of alleged debt whether bonafide or not through such defaults.

29. The aforesaid acts of both the defendant, Providian and the defendant Schiff were orchestrated and/or performed in a manner to conceal their actions in order to prevent the plaintiff from ascertaining that an improper judgment had entered against her.

30. On or about June 21, 2000, the defendant Schiff proceeded to judgment against the plaintiff and made representations to the Court that was designed to and/or had the effect of preventing the Presiding Judge who was adjudicating the matter from examining the file to determine and uncover deficiencies in the service and prosecution of the judgment.

31. Subsequent to obtaining the default judgment directed at the plaintiff, the defendant Schiff pursued garnishment, asset seizure, bank executions and as well as the filing of judgment liens which clouded the plaintiff's real estate title and which was done in contravention of the statutory requirements of Section 52-350(e) of the General Statutes as amended; as well as other collection efforts which targeted the plaintiff and which did or should have apprised the defendant Schiff had such investigative and/or collection efforts been undertaken previously, that the debt was not bonafide.

32. The defendant Schiff subsequent to the obtaining of the default of judgment and after being provided sufficient documentary evidence and/or other information demonstrating that the default judgment was improper and the debt not bonafide, made threats that criminal complaints would be filed if the plaintiff did not pay the debt.

33. On or about October 1, 2005, the defendant Washington acquired all assets and liabilities of defendant Providian and was aware of the actions being herein alleged through

negotiations and/or a review of the financial records incident to the acquisition and also maintained the ongoing business relationship existing with the defendant Schiff.

34. The defendant Schiff subsequent to obtaining the default judgment and after being provided sufficient documentary evidence and/or other information demonstrating that the default judgment was improper and not bonafide, refused to reopen the judgment and in fact filed a pro forma and a procedurally defective objection and appeared in Court and made improper representations that were subterfuge and designed to compel payment of a debt not the plaintiff's.

35. The defendant Schiff subsequent to obtaining the default judgment and after being provided sufficient documentary evidence and/or other information demonstrated that the default judgment was improper and that the debt was not bona fide filed pro forma and procedurally defective objections to the motion to open the improper non-bonafide judgment for the improper purpose of forcing the plaintiff to pursue a criminal charge against her family members so that the

defendant Schiff could utilize that forum to obtain monies from the family members for this improper and non-bonafide judgment.

36.  As a result of these actions the plaintiff suffered ascertainable economic damages, emotional distress with resulting physical manifestations of such distress; accrued costs and fees necessary to address these tortious wrongdoings and other harm and losses.

**FIRST COUNT:**

1-36.   The allegations set forth in Paragraphs One (1) through Thirty-Six (36) of the GENERAL ALLEGATIONS are hereby incorporated and made Paragraphs One (1) through Thirty-Six (36) of this the FIRST COUNT as though fully set forth herein.

37.  Some or all of the aforesaid actions and/or omissions were commenced without proper justification and/or such process amounted to a willful act in the use of process done for an ulterior purpose not proper in the regular conduct of proceedings including coercing a collateral advantage; including but not limited to the filing of process effecting real estate which disparaged and slandered said title.

**SECOND COUNT:**

38-74.   Paragraphs One (1) through Thirty-Six (36) of the FIRST COUNT are hereby incorporated and made the Paragraphs Thirty-Eight (38) through Seventy-Four (74) of this the SECOND COUNT as though fully set forth herein.

75.   Some or all of the aforesaid actions and/or omissions of the defendants were foreseeable, were negligent, grossly negligent and/or reckless and indifferent to the rights of the plaintiff and/or were such an extreme and outrageous nature as to cause mental distress upon the plaintiff.

**THIRD COUNT:**

76-112.   Paragraphs One (1) through Thirty-Six (36) of the FIRST COUNT are hereby incorporated and made the Paragraphs Seventy-Six (76) through One Hundred and Twelve (112) of this the THIRD COUNT as though fully set forth herein.

113. Some or all of the aforesaid actions and/or omissions of the defendants violated the federal statutory protection afforded the plaintiff and more particularly set forth at Title 15 U.S.C.A. Section 1692 et seq. (commonly referred to as the

Federal Fair Debt Collection Practice Act); Title 15 U.S.C.A. Section 1601 et seq. (commonly referred to as the Federal Consumer Credit Protection Act); and Title 15 U.S.C.A. Section 1602 et seq. (commonly referred to Truth In Lending Act).

**FOURTH COUNT:**

114-150.  Paragraphs One (1) through Thirty-Six (36) of the FIRST COUNT are hereby incorporated and made Paragraphs One Hundred and Fourteen (114) through One Hundred and Fifty (150) of this the FOURTH COUNT as though fully set forth herein.

151. Some or all of the aforesaid actions and/or omissions of the defendants violated the State of Connecticut's statutory protection afforded the plaintiff and more particularly set forth at Connecticut General Statutes Section 36a-645 et seq. (commonly referred to as the Connecticut Creditor Collections Practice Act); Sections 36-675 et seq. (commonly referred to as the Connecticut Truth In Lending Act); Sections 36a-80 et seq. (commonly referred to as the Consumer Collection Agency Act) and Section 52-350e of the General Statutes as amended.

**FIFTH COUNT:**

152-188. Paragraphs One (1) through Thirty-Six (36) of this the FIRST COUNT, are hereby incorporated and made Paragraphs One Hundred and Fifty-Two (152) through One Hundred and Eighty-Eight (188) of this the FIFTH COUNT as though fully set forth herein.

189. Some or all of the aforesaid actions and/or omission of the defendants amount to unfair methods of competition or deceptive acts or practices in the conduct of their trade or commerce and caused ascertainable losses to the plaintiff all in violation of Section 42-110a et seq. of the General Statutes as amended (commonly called the Connecticut Unfair Trade Practices Act).

**SIXTH COUNT:**

190-226. Paragraphs One (1) through Thirty-Six (36) of the FIRST COUNT are hereby incorporated and made the paragraphs One Hundred Ninety (190) of this the SIXTH COUNT as though fully set forth herein.

227. Some or all of the actions and/or omissions of the defendants were engaged in a joint enterprise or conspiracy for a common improper and/or unlawful purpose and all shared and/or participated in its management and control and to which each defendant had equal authority and rights.

228. Schiff's actions and/or omissions were performed in the scope of its authority, representations and/or agency with and in furtherance of the interests of Providian and/or Washington.

229. Providian's actions and/or omissions were know to and/or would have been known by Washington in a course of its review of Providian's records during negotiations for Providian's acquisition and such actions and/or omissions were assumed by and/or chargeable to Washington as a part of such acquisition.

WHEREFORE, the undersigned party seeks and requests the following relief:

1.   A permanent injunction prohibiting the defendants from pursuing and/or engaging in collection activities against the plaintiff and/or any other consumer that are related to, similar and/or analogous to those actions and/or omissions set forth in the complaint;

2.   Statutory damages allowed and/or authorized pursuant to Title 15 U.S.C.A. Section 1692 et seq.; 15 U.S.C.A. Sections 1692 et seq. and U.S.C.A. Section 1602 et seq.;

3.   Statutory damages allowed and/or authorized pursuant to Sections 36a-645 et seq.; Section 36a-800 et seq.; Section 52-350e; and 42-110g of the General Statutes, as amended.

4.   Monetary damages;

5.   Attorney's fees and costs of prosecution;

6.   Punitive damages;

7.   Whatever other relief in law and/or equity that may pertain and/or which this Honorable Court deems appropriate

after consideration of the evidence in this case in controversy.

```
                        RESPECTFULLY SUBMITTED ON BEHALF OF
                        THE PLAINTIFF,
                        LAVINIA BEARDSLEY


                        BY_____
                          RENE GERARD MARTINEAU
                          DEL SOLE & DEL SOLE, L.L.P.
                          46 SOUTH WHITTLESEY AVENUE
                          WALLINGFORD, CT 06492
                          (203) 284-8000
                          FEDERAL BAR NO. ct07680
```